George Lang v. The State.

No. 5665.   Decided February 18, 1920.

1.—Aggravated Assault—Sufficiency of the Evidence—Maximum Penalty.

Where, upon trial of murder and a conviction of aggravated assault, the evidence sustained the verdict with the maximum penalty under a proper charge of the court, there was no reversible error.

2.—Same—Charge of Court—Aggravated Assault—Confessions.

Where the confessions of the defendant showed that he choked the deceased to death, although he claimed it was for the purpose of freeing himself and with no intent to kill and no means used that ordinarily and reasonably would kill, the court properly charged upon the issue of aggravated assault and the evidence sustaining the conviction, there was no reversible error.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson, judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $1000 and two years confinement in the county jail.

The opinion states the case.

*Whit Boyd,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault under a charge of murder and allotted a term of two years in the county jail and a fine of $1000.   This is the maximum punishment for aggravated assault and battery.

Independent of appellant's confession, the case is one of circumstantial evidence.   The confession relieves the case of that phase of the law.   This is a peculiar case as developed by the testimony.   On the 20th of June there was among the negroes an emancipation ball.   Appellant and the deceased girl were present and for the first time met.   He danced with her.   When the ball was ended they went to a near-by street car, he accompanying her.   They got on the car.   The State by circumstances undertook to show that he accompanied her to the end of the street car line where they

left it. A short distance away the next morning the body of the girl was found showing that she had been choked to death. There was evidence that she may have been ravished. The physical facts show, in addition to her having been choked, that her private parts had been penetrated, and there was blood around that portion of her body. This killing occurred perhaps about one o'clock at night. The State also introduced evidence to show that about that time of night appellant got on a returning street car and paid his fare, and got matches from the conductor. The physical facts also show that the body of the deceased girl was found within something like twenty feet of the residence of her aunt. The houses seem to have been built close together at that point, and there were other houses almost as close as was that of the aunt of the deceased girl, the difference in the distance being made by the fact that the houses were built on different lots, otherwise they were as close as houses could be to each other. The body of the girl was discovered the next morning. There was no evidence of an out-cry, and the physical facts utterly fail to show there was a struggle at that point. The ground failed to disclose any evidence of that fact, and the clothing of the deceased and the defendant sustained the fact there was no struggle. The shirt he wore that night was placed in evidence and there was no sign of a struggle, no tearing or anything of that character. There is evidence also indicating that possibly the body of the girl was carried there in an auto and thrown out. If she was killed at some other place and carried to the point where the body was found, this would tend to account for the fact there was no evidence of a struggle at that point. There is a possibility that another party was on the car with the girl and left it. Evidence was introduced that there was a negro man and a negro girl on the car sitting together, but witnesses did not observe them particularly. They were sitting together and the girl's face was looking downward, or as the witness says, "her head was hanging down." They did not discover who she was, and no one was able to state whether the appearances of that girl were similar to the deceased girl. The man who was with that girl was a robust large man, much larger than the girl. It is also shown that appellant had been previsously tried and acquitted for rape committed upon the girl. Had the case rested at this point, a verdict of not guilty should have been returned, for the facts would not have sustained a conviction of appellant under the rule of circum-stantial evidence. The record further shows appellant was arrested the following day, and while under arrest made a confession. The substance of this confession is that he met the girl at the dancing pavilion and danced with her, and about 11 o'clock they retired from the dance hall to a private place where they had sexual intercourse. Returning to the hall, they danced and continued to enjoy the festivities until the dance closed about 12

o'clock. That he went on the car and to the point where the body was found in company with the girl and there had intercourse with her again; that it was with her consent; that when the intercourse had terminated she demanded of him that he pay her a dollar, which he declined. She got him around the neck and held him and would not let him go unless he paid the dollar. He protested, stating he did not have a dollar to give her, and that she would keep him so long he would miss his car. She refused to turn him loose and he choked her, and that while he was choking her his breast was on hers and he had his hand around her throat, and as soon as she ceased to struggle and hold him he got up and went away to his home. That he did get on the street car as testified by the conductor and get a match from him to light a cigarette. He also states in his confession that he had no idea of killing the girl, and did not intend to kill her, and did not know she was dead until the next day when he heard it; that he choked her in order to free himself and return home.

The jury acquitted of murder and convicted of aggravated assault. There was no exception taken to the charge of the court as given, and no requested instruction asked.

It is now contended that the court committed fundamental error in submitting the issue of aggravated assault, and that the evidence does not sustain the verdict of the jury finding him guilty of such assault. We are of opinion that the court under the circumstances was correct in charging the issue of aggravated assault and battery, and this under his confession. The jury were the judges of the facts and the weight to be given the testimony, and while his confession and the results and want of out-cry and struggle seem to be rather incongruous, yet the jury had the right to consider his confession, all or any part of it, as they saw proper, and if appellant's statement was believed by them, the issue of aggravated assault was in the case. The choking for the purpose of freeing himself, which resulted in death, without any purpose on his part to kill, under our law would constitute aggravated assault. She was a woman assaulted by a man, and choked to death, and if there was no purpose to kill and no means used that ordinarily and reasonably would kill, the case would be one of aggravated assault.

Finding no error in this record the judgment will be affirmed.

*Affirmed.*